TIMOTHY COURCHAINE
United States Attorney
District of Arizona

MATTHEW WILLIAMS
Assistant U.S. Attorney
Arizona State Bar No. 029059
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Matthew.Williams3@usdoj.gov

LORINDA LARYEA
Acting Chief
Criminal Division, Fraud Section
U.S. Department of Justice

SHANE BUTLAND
William Hochul III
Trial Attorneys
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Avenue NW
Washington, D.C. 20005
Telephone: 202-286-1177
Email: Shane.Butland2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>1. Tyler Kontos,<br>2. Joel Max Kupetz, and<br>3. Jorge Kinds,<br><br>Defendants. | No. CR-25-00915-PHX-SMB<br><br>**MOTION FOR COMPLEX CASE DESIGNATION AND TO SET STATUS CONFERENCE** |

The United States of America and Defendants TYLER KONTOS, JOEL MAX KUPETZ, and JORGE KINDS respectfully move this Court for an Order designating the above-captioned matter as a complex case, to set a status conference, and to exclude time

for purposes of the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii).

On June 18, 2025, the Defendants were indicted for conspiracy to commit health care fraud (18 U.S.C. § 1349), health care fraud (18 U.S.C. §§ 1347 and 2), conspiracy to defraud the United States and to receive health care kickbacks (18 U.S.C. § 371), solicitation and receipt of kickbacks (42 U.S.C. § 1320a-7b(b) and 18 U.S.C. § 2), and transactional money laundering (18 U.S.C. §§ 1957 and 2). [ECF No. 1].

These charges stem from the Defendants' alleged roles in a massive and sophisticated scheme to defraud Medicare by targeting elderly patients, many of whom were terminally ill in hospice care, and causing medically unnecessary and highly expensive amniotic wound dressings ("allografts") to be applied to these vulnerable patients. *Id*. at 2. The Indictment alleges that from January 2023 through March 2024, the Defendants and their co-conspirators caused more than $1 billion in false and fraudulent claims to Medicare for these medically unnecessary allografts applied to these patients. *Id*. at 2, 11. Medicare and other health care benefit programs paid over $600 million based on these false and fraudulent claims. *Id*. at 11.

KUPETZ and other medically untrained "sales representatives" acting at KONTOS's direction, are alleged to have identified Medicare beneficiaries with wounds of any size and stage, obtained the patients' health insurance information, photographed the patients' wounds, measured the wounds, determined the quantity and size of allografts to be applied to the wounds, and ordered and arranged for the ordering and purchasing of allografts for the wounds, all without coordinating with the patients' treating or primary care physicians. *Id*. at 9. These patients were then referred to KINDS and other nurse practitioners, who applied allografts to patients based on the determinations of KONTOS, KUPETZ, and other sales representatives, without conducting an independent assessment of the patients or otherwise exercising independent medical judgment. *Id*. at 10. KONTOS and KUPETZ received illegal kickbacks in return for ordering and arranging for and recommending the purchasing and

ordering of the allografts, and KINDS received compensation per patient encounter to apply the allografts. *Id*.

As a result of the fraud scheme, KONTOS received over $7.5 million in five months, KUPETZ received over $8.1 million in 11 months, and KINDS received over $1.3 million in 12 months. *Id*.

On July 2, 2025, the Defendants were arraigned and released pending trial. [ECF Nos. 16, 19, and 22]. Trial is currently scheduled for August 12, 2025. *Id*.

This Court may properly exclude certain periods of delay in computing the time within which trial must commence under the Speedy Trial Act. Specifically, under 18 U.S.C. § 3161(h)(7)(A), the Court may exclude a period of time from the Speedy Trial Period where it finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id*. When considering whether to grant a requested continuance under this provision, one of the factors the Court shall consider is:

> Whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(7)(B)(ii).

Here, the parties submit that the case is "unusual or complex" within the meaning of the above statute due to the nature of the prosecution, which involves voluminous insurance claims data; voluminous financial records; allegations that assets were purchased with fraudulent proceeds through complex financial transactions intended to obfuscate the source of the funds; and voluminous medical records of patients to whom allografts were applied. Based on these considerations, a designation of the case as complex is warranted.

This case involves thousands of allegedly false and fraudulent claims to Medicare,

TRICARE, CHAMPVA, and other health care benefit programs totaling over $1 billion. In addition to the over $600 million that Medicare paid based on the false and fraudulent claims that these Defendants caused to be submitted, the Defendants also are alleged to have received millions of dollars in illegal kickbacks. Bank and other financial records show that the Defendants funneled these kickbacks to accounts at several financial institutions opened in the names of shell companies and that KONTOS and KUPETZ used those proceeds to purchase expensive assets, including a speedboat, cryptocurrency, real estate, and designer watches. One of KONTOS's speedboat payments and KUPETZ's purchase of cryptocurrency—which were funded with fraudulent proceeds—are specifically alleged as substantive transactional money laundering counts in the Indictment. *See* ECF No. 17 (Counts 10-11).

The discovery concerning the financial piece of this case alone includes purchase records for various assets, title documents, and tens of thousands of pages of bank and other financial records corresponding to dozens of bank accounts used by the Defendants and their co-conspirators to receive, transfer, and launder the staggering proceeds involved in the alleged fraudulent scheme.

Additionally, as noted above, the Indictment alleges that KINDS applied these medically unnecessary allografts to the patients referred by KONTOS, KUPETZ, and other co-conspirators. The discovery material includes voluminous medical records for the patients who correspond to the substantive health care fraud counts in the Indictment (Counts 2-6), as well as numerous additional patients to whom allografts were applied.

The sheer volume of evidence in this case is substantial. In addition to health care benefit program claims data, financial records, and medical records, the discovery material includes interview memoranda for dozens of individuals, hundreds of thousands of emails and other electronic communications, and phone records. The Defendants will need time to organize and analyze the material to prepare for pretrial proceedings and trial.

For the reasons stated herein, the United States requests that this Court: (i) designate the case as complex based on the nature of the prosecution and therefore find that it is unreasonable to expect adequate preparation for the trial within the narrow ordinary time limits of the Speedy Trial Act; (ii) set a Status Conference in November 2025 to address any issues concerning the production or review of the discovery and to set a trial date; and (iii) exclude the period of delay between July 2, 2025, and November 29, 2024, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (B)(ii). The parties propose submitting a joint scheduling order to the Court within seven (7) days prior to the Status Conference.

TYLER KONTOS "does not oppose the relief requested in this motion. While he does not agree with the government's characterization of the alleged fraud scheme and the Defendants' alleged conduct, he does agree that a complex case designation is warranted because the nature of the prosecution is complex, the discovery in this case is voluminous, and the defendants cannot reasonably be expected to organize and analyze the material to prepare for pretrial motions and trial within ordinary time limits."

JOEL MAX KUPETZ does not oppose this motion.

JORGE KINDS joins this motion.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/Matthew Williams*
MATTHEW WILLIAMS
Assistant U.S. Attorney

LORINDA LARYEA
Acting Chief
Criminal Division, Fraud Section

*s/ Shane Butland*
SHANE BUTLAND
Trial Attorney
Department of Justice, Fraud Section

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of July, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrants:

Susan E. Anderson, Esq.
Catherine Hunstad, Esq.
Quacy Lamar Smith, Esq.

*s/ Shane Butland*
SHANE BUTLAND
Trial Attorney
Fraud Section, Criminal Division