TIMOTHY COURCHAINE
United States Attorney
District of Arizona

MATTHEW WILLIAMS
Assistant U.S. Attorney
Arizona State Bar No. 029059
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Matthew.Williams3@usdoj.gov

LORINDA LARYEA
Acting Chief
Criminal Division, Fraud Section
U.S. Department of Justice

SHANE BUTLAND
William Hochul III
Trial Attorneys
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Avenue NW
Washington, D.C. 20005
Telephone: 202-286-1177
Email: Shane.Butland2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>1. Tyler Kontos,<br>2. Joel Max Kupetz, and<br>3. Jorge Kinds,<br><br>Defendants. | No. CR-25-00915-SMB<br><br>**GOVERNMENT'S MOTION FOR PROTECTIVE ORDER PURSUANT TO FED. R. CRIM. P. 16** |

The United States moves for a protective order pursuant to Federal Rule of Criminal Procedure 16(d)(1) to restrict dissemination of the discovery material produced in this case. A proposed Protective Order is attached to this Motion.

On June 18, 2025, Defendants Tyler Kontos ("KONTOS"), Joel Max Kupetz ("KUPETZ"), and Jorge Kinds ("KINDS") were indicted by a grand jury in the District of Arizona. [ECF No. 1]. The Indictment charges them with conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349; health care fraud, in violation of 18 U.S.C. §§ 1347 and 2; conspiracy to defraud the United States and to receive health care kickbacks, in violation of 18 U.S.C. § 371; receiving health care kickbacks, in violation of 42 U.S.C. § 1320a-7b(b) and 18 U.S.C. § 2 (KUPETZ only); and transactional money laundering, in violation of 18 U.S.C. §§ 1957 and 2 (KONTOS and KUPETZ only). *Id*. The Indictment alleges that the Defendants and their co-conspirators caused more than approximately $1 billion in false and fraudulent claims to Medicare for medically unnecessary amniotic wound allografts applied to Medicare beneficiaries in Arizona, many of whom were terminally ill and in hospice care. *Id*. at 1.

The discovery material in this case includes the following: (1) personally identifying information related to the Defendants and third parties, including, but not limited to, addresses, telephone numbers, dates of birth, social security numbers, financial information, and Medicare beneficiary identification numbers; (2) personal health information related to third parties, including, but not limited to, patient medical records; and (3) sensitive information of a personal nature related to the defendants and third parties, including, but not limited to, information concerning marital and other intimate relationships, minor children, and personal financial matters (collectively, "Protected Information").

Federal Rule of Criminal Procedure 16(d)(1) affords the Court the authority to make appropriate orders with respect to discovery. Due to the volume and nature of the discovery in this case, in order to protect the confidentiality of this information and to satisfy its discovery obligations, the Government requests that this Court enter a protective order:

1. Permitting the Government to provide to defense counsel, without redaction, Protected Information to the extent that such information is present in discoverable

materials;

2. Permitting defense counsel to share materials containing Protected Information with other members of the defense team, including defense counsel staff, experts, investigators, and other professionals retained by the defendants or defense counsel to assist in the preparation of the defense;

3. Ordering all members of the defense team to safeguard and not disclose the Protected Information provided to it, other than to the extent necessary to prepare the defense;

4. Permitting the defense team to review materials containing Protected Information with the defendants and potential witnesses to the extent necessary to prepare the defense;

5. Prohibiting the defendants and potential witnesses from retaining any materials containing Protected Information during the course of the litigation unless defense counsel ensures that all such information has been redacted from the copies to be retained;

6. Prohibiting the defense team, the defendants, and potential witnesses from using any materials containing Protected Information for any purpose other than to prepare a defense in this case, including investigation, trial preparation, trial, and appeal;

7. Requiring defense counsel to inform (a) all members of the defense team with whom material containing Protected Information is shared, and (b) the defendants and all potential witnesses with whom material containing Protected Information is reviewed, of the contents of the Protective Order; and

8. Ordering the defense team to destroy, at the conclusion of this matter, all Protected Information in its possession, except that defense counsel shall be allowed to retain materials containing Protected Information until the time expires for all appeals, collateral attacks, other writs or motions challenging the conviction or sentence, and actions for professional malpractice.

Undersigned counsel has consulted counsel for the Defendants, who do not object to entry of the proposed protective order.

Respectfully submitted this 11th day of July, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/Matthew Williams*
MATTHEW WILLIAMS
Assistant U.S. Attorney

LORINDA LARYEA
Acting Chief
Criminal Division, Fraud Section

*s/ Shane Butland*
SHANE BUTLAND
Trial Attorney
Department of Justice, Fraud Section

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of July, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrants:

Susan E. Anderson, Esq.
Catherine Hunstad, Esq.
Quacy Lamar Smith, Esq.

*s/ Shane Butland*
Trial Attorney
Fraud Section, Criminal Division