TIMOTHY COURCHAINE
United States Attorney
District of Arizona

MATTHEW WILLIAMS
Assistant U.S. Attorney
Arizona State Bar No. 029059
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: matthew.williams3@usdoj.gov

LORINDA LARYEA
Acting Chief
Criminal Division, Fraud Section
U.S. Department of Justice

MATTHEW TURNELL
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Avenue NW
Washington, D.C. 20530
Telephone: 202-839-7668
Email: matthew.turnell@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

Plaintiff,

v.

1. Tyler Kontos,
2. Joel Max Kupetz, and
3. Jorge Kinds,

Defendants.

CR-25-00915-PHX-SMB

**GOVERNMENT'S UNOPPOSED MOTION FOR ENTRY OF A DISCOVERY PROTOCOL GOVERNING THE PRODUCTION OF POTENTIALLY PROTECTED MATERIAL**

The United States of America, by and through its assigned Filter Team,[1] respectfully files this unopposed motion requesting entry of a protocol (the "proposed Discovery Protocol") to govern the process of privilege assertions and, where appropriate, discovery productions, of materials the Filter Team has identified as potentially subject to claims of privilege by defendants Tyler Kontos, Joel Max Kupetz, and Jorge Kinds (collectively, "Defendants") and/or certain third parties. The United States requests entry of the proposed Discovery Protocol, attached as the proposed order to this motion, to allow it to fulfill its discovery obligations to Defendants while respecting Defendants' and third-party claimants' potential privileges and to facilitate resolution of any privilege disputes that may arise.

## I. <u>**Factual Background**</u>

On June 18, 2025, Defendants were indicted for conspiracy to commit health care fraud (18 U.S.C. § 1349), health care fraud (18 U.S.C. §§ 1347 and 2), and conspiracy to defraud the United States (18 U.S.C. § 371). Defendants Kontos and Kupetz were also indicted for transactional money laundering (18 U.S.C. §§ 1957 and 2), and Defendant Kupetz was also indicted for receipt of health care kickbacks (42 U.S.C. §§ 1320a-7b(b)(1) and 18 U.S.C. § 2). [ECF No. 1.]

Throughout its investigation, the Government has executed several search warrants

[1] The Filter Team in this case consists of Trial Attorney Matthew Turnell of the Special Matters Unit in the U.S. Department of Justice, Criminal Division's Fraud Section. The Filter Team has a separate reporting and supervisory chain from the Prosecution Team in this case and is supported by paralegals and other professional staff who are not part of the Prosecution Team.

for email accounts, electronic devices, and physical premises and has received materials from other sources, including grand jury subpoenas. Because the prosecution team for this matter ("Prosecution Team") believed certain of these materials could contain potentially protected material ("PPM"),[2] the Government assigned the Filter Team to identify PPM and segregate it from non-PPM material to be passed on to the Prosecution Team, so the Prosecution Team would not be exposed to potentially privileged communications. As anticipated, in its subsequent review of materials referred by the Prosecution Team, the Filter Team identified certain material as PPM and withheld it from the Prosecution Team. The Prosecution Team does not have access to this PPM.

## II. Discovery Protocol for Production of Discovery Material Potentially Subject to Privilege Claims

To fulfill the Government's discovery obligations to Defendants, respect third-party claimants' asserted privileges, and resolve privilege disputes, the Government respectfully requests that the Court enter an order providing a procedure by which the Filter Team may provide material identified as PPM by the Filter Team to the potential privilege holder, obtain privilege assertions from the potential privilege holder, produce non-asserted material as discovery to the Defendants, and, possibly, litigate any privilege disputes.

The proposed Discovery Protocol permits the Filter Team to continue to identify and segregate PPM from the Prosecution Team, while releasing items that are not PPM to

[2] "Potentially Protected Material" or "PPM" is discovery material that is potentially protected from disclosure by the attorney-client privilege, work-product doctrine, or any other legally recognized privilege or protection.

the Prosecution Team and Defendants now without further judicial intervention. Moreover, with regard to the identified PPM, the Discovery Protocol provides a practical mechanism for the Government to notify potential privilege holders about PPM for which they may control the privilege, to obtain any privilege assertions from them, and to resolve any disputes about their privilege assertions via meet and confer with the parties or, if necessary, litigation. This Court has recently entered a similar protocol in a different criminal matter. *See United States v. Gehrke*, 24-CR-01040-ROS, No. 102, Order, Sept. 19, 2024.

Counsel for Kontos, Kupetz, and Kinds have indicated that they do not object to the proposed Discovery Protocol.

## III. <u>Argument</u>

The proposed Discovery Protocol is a fair and efficient mechanism for protecting the privileges of Defendants and third-party privilege holders, while allowing the Government to respect Defendants' discovery rights. As the Court is aware, the Government maintains substantial discovery obligations to all charged Defendants, *see, e.g.*, *United States v. Lucas*, 841 F.3d 796, 804-08 (9th Cir. 2016), but satisfying those discovery obligations while respecting the potential privilege claims of potential privilege holders over discoverable documents can be complex. Once the Government's discovery obligations have been triggered, the Government cannot unilaterally assert or waive any potential claims of privilege for a privilege holder. *See United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010) ("A party asserting the attorney-client privilege has the burden of establishing the existence of an attorney-client relationship and the privileged nature of

the communication.") (citations and alterations omitted). Instead, courts grant third-party privilege holders a limited right to intervene in criminal proceedings to preserve their claim of attorney-client privilege in such circumstances. *See e.g.*, *United States v. Jesenik*, 2020 WL 7406541 (D. Or. Dec. 17, 2020) (granting, in part, third-party motion to intervene in criminal case to secure return of privileged communications) (citing *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017); *Perlman v. United States*, 247 U.S. 7 (1918)); *see also*, *United States v. RMI Co.*, 599 F.2d 1183, 1186 (3d Cir. 1979) ("[I]t is settled law that persons affected by the disclosure of allegedly privileged materials may intervene in pending criminal proceedings and seek protective orders, and if protection is denied, seek immediate appellate review."). Where discovery materials may be subject to claims of privilege, courts must carefully assess discovery obligations with due consideration to the rights of any potential privilege holders. *See United States v. Gonzalez*, 669 F.3d 974, 977 (9th Cir. 2012) (reversing district court's ruling that a defendant's "joint defense privilege must yield to . . . discovery needs").

The proposed Discovery Protocol seeks to create a clear procedure for satisfying these demands. Courts have discretion in regulating that discovery through their inherent authority. *See* Fed. R. Crim. P. 16(d)(1), 57(b).

The proposed Discovery Protocol does not authorize the Government to adjudge whether specific material is privileged. *See* Fed. R. Evid. 501. Rather, it leaves adjudication of privilege claims to the Court. Nonetheless, the party asserting the privilege bears the burden of proof as to each element of the privilege, *see United States v. Ruehle*, 583 F.3d 600, 608-609 (9th Cir. 2009), and the proposed Discovery Protocol requires a

potential privilege holder seeking to assert privilege to provide all the information regularly required in a privilege log to maintain a privilege assertion.

## IV. Conclusion

For the reasons set forth above, the Filter Team, on behalf of the United States, respectfully requests that this Court grant this unopposed request for authorization and entry of the proposed Discovery Protocol.

Respectfully submitted,

LORINDA LARYEA
Acting Chief
Criminal Division, Fraud Section
U.S. Department of Justice

By: /s/ *Matthew Turnell*
MATTHEW TURNELL
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice

Dated: December 5, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 5, 2025, I filed and served the foregoing document via the CM/ECF system with the Clerk of the Court and with counsel for Defendants Kontos, Kupetz, and Kinds.

By: /s/ *Matthew Turnell*
MATTHEW TURNELL